**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: ARMODAFINIL PATENT LITIGATION** MDL No. 2200

## TRANSFER ORDER

**Before the Panel**[*]: Plaintiffs Cephalon, Inc., and Cephalon France have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Delaware. This litigation currently consists of eight actions: seven in the District of Delaware and one in the Southern District of Florida, as listed on Schedule A. Responding defendants Apotex, Inc., and Apotex Corp. (collectively Apotex) oppose centralization.

On the basis of the papers filed and the hearing session held, we find that these eight actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All eight actions share factual allegations with respect to one or more patents[1] relating to the prescription drug Nuvigil (armodafinil). Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Apotex argues, *inter alia*, that (1) centralization of the Florida and Delaware *Apotex* actions is inappropriate because most of the other actions were filed at least six months before the Apotex actions and are proceeding with discovery, and (2) voluntary efforts to coordinate discovery are preferable to centralization. We respectfully disagree with these arguments. While we applaud and encourage any cooperative efforts undertaken by parties to this litigation, centralization under Section 1407 allows us to assign these actions to a single judge who can ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of all parties and the courts. *See In re Brimonidine Patent Litig.*, 507 F.Supp.2d 1381, 1382 (J.P.M.L. 2007). Though several months passed between the filing of the first six Delaware actions and the actions against Apotex, we are confident that many of the benefits of centralization can still be obtained, inasmuch as there has been no substantive motion practice or interpretation of the claims of the common patent.

---

[*] Judge Vratil did not participate in the decision of this matter.

[1] All actions contain allegations with respect to United States Patent No. 7,132,570 and one or more actions also involve allegations concerning United States Patent Nos. 7,297,346, and RE37,516.

At oral argument, Apotex offered an additional reason why we should deny the Section 1407 motion: centralization would force Apotex to defend Cephalon's infringement claims alongside certain other generic drug manufacturer defendants against whom Apotex has brought antitrust claims in other litigation in Pennsylvania. While this situation may lead Apotex to conclude that it will not participate in a joint defense arrangement, it is not a barrier to centralization. As always, we leave how best to accommodate the needs of all parties, including Apotex, to the sound discretion of the transferee judge.

We are persuaded that the District of Delaware is an appropriate transferee district for pretrial proceedings in this litigation. Seven of the eight actions (including the first-filed action) were brought in that district, and most parties are already litigating there. Moreover, by assigning this docket to Judge Gregory M. Sleet, we are selecting an experienced transferee judge who has particular experience with MDL patent litigation arising in the Hatch-Waxman context to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the District of Delaware is transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |
| Paul J. Barbadoro | |

**IN RE: ARMODAFINIL**
**PATENT LITIGATION** MDL No. 2200

**SCHEDULE A**

District of Delaware

Cephalon Inc., et al. v. Teva Pharmaceuticals USA Inc., et al., C.A. No. 1:09-918
Cephalon Inc., et al. v. Actavis Group, et al., C.A. No. 1:09-940
Cephalon Inc., et al. v. Mylan Pharmaceuticals, Inc., C.A. No. 1:09-954
Cephalon Inc., et al. v. Watson Laboratories Inc., et al., C.A. No. 1:10-7
Cephalon Inc., et al. v. Sandoz, Inc., C.A. No. 1:10-55
Cephalon Inc., et al. v. Lupin Limited, et al., C.A. No. 1:10-210
Cephalon Inc., et al. v. Apotex Inc., et al., C.A. No. 1:10-695

Southern District of Florida

Cephalon, Inc., et al. v. Apotex Inc., et al., C.A. No. 1:10-22997